**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacesetter Consulting LLC, | No. CV-19-00388-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Herbert A Kapreilian, et al., | |
| Defendants. | |

On January 26, 2019, Plaintiff Pacesetter Consulting LLC initiated this action by filing the original complaint. (Doc. 1.) On February 4, 2019, Plaintiff filed an amended complaint (Doc. 7) as a matter of course, pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Having already amended its pleading once as a matter of course, Plaintiff may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court-ordered deadline for amending pleadings in this action is July 15, 2019. (Doc. 58.)

On April 15, 2019, the Court held a case management conference and addressed several then-pending motions, including Defendant's Motion to Dismiss First Amended Complaint as to Duda & Sons LLC (Doc. 21), which the Court granted. (Doc. 57.) During the case management conference, Plaintiff made a verbal motion for leave to amend the complaint to add a new Duda entity. Counsel for Mark Bassetti and the now-terminated, previously-named Duda entities (Duda & Sons LLC and Daniel Duda) opposed that verbal motion, noting that there are "numerous Duda entities" and Plaintiff had not specified

which Duda entity it intended to add. The Court denied the verbal motion for leave to amend and told Plaintiff's counsel "if you want to move to amend the [First Amended] Complaint to add a different entity, you can try to do that later. But I don't want to try to do it on the fly with a verbal motion now."

Nevertheless, on April 25, 2019, Plaintiff filed a purported second amended complaint. (Doc. 62.) Plaintiff did not have leave of the Court to file it, and Plaintiff did not file a separate notice certifying that the amended pleading was filed with the opposing party's written consent, as required by LRCiv 15.1. Moreover, it is clear from Plaintiff's motion at Doc. 63 that the opposing party has *not* consented to the filing of a second amended complaint. Therefore, Plaintiff was not authorized to file the second amended complaint and the Court will strike the pleading at Doc. 62.

If Plaintiff wishes to file a second amended complaint, it must first either file a written motion seeking leave to amend or obtain opposing counsel's written consent. Either way, Plaintiff must adhere to the requirements of LRCiv 15.1, including filing a redlined draft that indicates how the amended complaint differs from the previous one.

As for Plaintiff's "Expedited Motion for Status Conference" (Doc. 63), the Court notes that the Preliminary Order sets forth the proper procedure for requesting expedited consideration—a procedure that was not followed here—and specifies that "[a] request for expedited consideration that is simply mentioned in the caption/title of the related filing will not be considered." (Doc. 5 at 4.) At any rate, Plaintiff complains that counsel for Mark Bassetti has not made himself available via telephone to discuss whether Bassetti would consent to filing the second amended complaint. (Doc. 63 at 1-2.) This does not impress the Court as an issue warranting the Court's involvement. Indeed, the enclosed email correspondence shows that defense counsel has been quite responsive to Plaintiff's requests. It is baffling to the Court that Plaintiff's counsel would think it appropriate to file an emergency motion under these circumstances.

…

…

In any event, if Plaintiff is unable to obtain the opposing party's consent to file a second amended complaint, the remaining option available to Plaintiff is to file a written motion seeking the Court's leave to amend.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall strike Doc. 62 from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status Conference (Doc. 63) is denied.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge