**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacesetter Consulting LLC,<br><br>Plaintiff,<br><br>v.<br><br>Herbert A Kapreilian, et al.,<br><br>Defendants. | No. CV-19-00388-PHX-DWL<br><br>**ORDER** |

Pending before the Court are Defendants Craig L. Kapreilian, Herbert Kapreilian, Fruit World Nursery, Inc., and Eastside Packing, Inc.'s motion to dismiss the First Amended Complaint ("FAC") (Docs. 45, 46) and Plaintiff Pacesetter Consulting LLC's ("Pacesetter") motion for leave to file a Second Amended Complaint ("SAC") (Doc. 67). Defendant Mark R. Bassetti ("Bassetti") has filed a response to Pacesetter's motion, asserting that Pacesetter should be denied leave to amend because the proposed amendments are futile and Pacesetter has unduly delayed in amending its complaint. (Doc. 73.)

For the following reasons, the Court will grant Pacesetter's motion and accordingly deny the motion to dismiss as moot. The motion to dismiss may be refiled after Pacesetter files the SAC, and at that time, Bassetti may also refile and restyle his response as a motion to dismiss the SAC. Separately, when Pacesetter files its SAC, it must cure the jurisdictional allegation deficiencies identified below.

I. Subject Matter Jurisdiction

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In the proposed SAC, just as in its previous complaints, Pacesetter relies on diversity jurisdiction to invoke this Court's subject matter jurisdiction. (Doc. 67-1 ¶ 17.)

The Court finds the jurisdictional allegations in the proposed SAC facially deficient for two reasons. First, with respect to each defendant corporation, "[t]he facts must be alleged from which it may be determined of which state, or states, the corporation is 'deemed' to be a citizen—i.e. the state in which it was incorporated and the state in which it has its principal place of business." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Pacesetter seems to have alleged the state of incorporation of the defendant corporations by alleging that they are "California corporation[s]" or "Florida corporation[s]" (Doc. 67-1 ¶¶ 11, 12, 13, 15), but Pacesetter must also allege the state in which they have their principal place of business.

Second, Pacesetter has failed to allege its own citizenship. (*Id.* ¶ 9.) As an LLC, Pacesetter is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

To cure these deficiencies, the Court will require Pacesetter to amend its jurisdictional allegations when it files its SAC. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Pacesetter is advised that its failure to timely comply with this order shall result in dismissal of this action without further notice for lack of subject matter jurisdiction.

II. Motion For Leave To Amend

On January 26, 2019, Pacesetter initiated this action by filing the original complaint. (Doc. 1.) On February 4, 2019, Pacesetter filed its FAC (Doc. 7) as a matter of course,

pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Having already amended its pleading once as a matter of course, Pacesetter may amend its complaint again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court-ordered deadline for amending pleadings in this action is July 15, 2019. (Doc. 58 at 1.)

On April 15, 2019, the Court held a case management conference and addressed several then-pending motions, including the motions to dismiss filed by Daniel Duda and Duda & Sons LLC (Docs. 20, 21, 22), which the Court granted. (Doc. 57.) During the case management conference, Pacesetter made a verbal motion for leave to amend the FAC to add a new Duda entity. Counsel for Bassetti and the now-terminated Duda entities opposed that verbal motion, noting that there are "numerous Duda entities" and Plaintiff had not specified which Duda entity it intended to add. The Court denied the verbal motion for leave to amend and told Pacesetter's counsel "if you want to move to amend the [FAC] to add a different entity, you can try to do that later. But I don't want to try to do it on the fly with a verbal motion now."

On April 25, 2019, Pacesetter filed a purported SAC. (Doc. 62.) Because Pacesetter did not have leave from the Court or the opposing parties' written consent, the Court struck that pleading on April 30, 2019. (Doc. 65.) The Court's order noted that Pacesetter could either obtain the opposing parties' consent to file its SAC or file a motion seeking the Court's leave to amend. (*Id.*)

On May 9, 2019, Pacesetter filed a motion for leave to file the SAC. (Doc. 67.) Bassetti opposes that motion on the ground that "the proposed amendments are futile for numerous reasons, including a lack of legal bases and lack of factual allegations supporting the proposed amendments and the absence of plausible claims, the expiration of the statute of limitations, and the lack of jurisdiction over A. Duda & Sons, Inc." (Doc. 73 at 1-2.)

As an initial matter, Bassetti can only argue that proposed amended allegations against himself would be futile. His motion, however, asserts arguments on behalf of himself as well as on behalf of A. Duda & Sons, Inc., which was dismissed from the case

on April 15, 2019 (Doc. 57), and on behalf of proposed new defendant Duda Farm Fresh Foods, Inc. His arguments as to futility on behalf of the two Duda entities are improper. *See, e.g., Castellani v. City of Atl. City*, 2015 WL 12829622, *2 (D.N.J. 2015) ("With respect to the Defendant Officers' assertion of futility as to the claims against the proposed defendants, the Court finds that current parties 'unaffected by [the] proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants.") (citation omitted); *cf. State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (noting that proposed new defendants "do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action").

With respect to the merits of the motion, Rule 15(a)(2) states that courts "should freely give leave when justice so requires." The Supreme Court has identified several factors courts should consider in determining whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the movant's part, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party if the amendment is allowed, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the factors merit equal weight," however. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice to the opposing party . . . carries the greatest weight." *Id.*

Here, Bassetti does not argue he will be prejudiced if the Court grants Pacesetter leave to amend. Instead, he relies mostly on futility.[1] Although it is true that "the test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6)," *Fulton v. Advantage Sales & Mktg., LLC*, 2012 WL 5182805, *3 (D. Or. 2012), "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," *Fair Hous. Council of Cent. California, Inc. v. Nunez*, 2012 WL 217479, *4 (E.D. Cal.

---

[1] Bassetti also argues Pacesetter engaged in undue delay before amending its complaint. (Doc. 73 at 11-13.) Given that this suit was filed in January of this year, and the court-ordered deadline for amending pleadings has not yet passed, this argument is unavailing.

- 4 -

2012); *see also Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, *6 (N.D. Cal. 2011) (noting "the general preference against denying a motion for leave to amend based on futility").

The Court finds that it would be most efficient to grant Pacesetter leave to file the SAC and then consider any motions to dismiss after it has been filed. *Williams v. Keybank Nat'l Ass'n*, 2016 WL 7107765, *3 (D. Or. 2016) (granting leave to amend and "find[ing] that it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing)"); *Bentley v. Arizona Dep't of Child Safety*, 2018 WL 8262769, *2 (D. Ariz. 2018) (finding that defendants' "arguments to the sufficiency of the proposed amendment, even if merited, remain better left for full briefing on a motion to dismiss").

Accordingly, **IT IS ORDERED** that:

(1) Pacesetter's motion for leave to file its SAC (Doc. 67) is **granted**;

(2) Defendants' motion to dismiss the FAC (Docs. 45, 46) is **denied as moot**;

(3) Pacesetter shall file its SAC, with amended jurisdictional allegations, by **July 8, 2019**;

(4) If Pacesetter fails to amend its jurisdictional allegations to address the deficiencies identified in this order, the Clerk of Court shall dismiss this action on **July 9, 2019**.

Dated this 25th day of June, 2019.

Dominic W. Lanza
United States District Judge