**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacesetter Consulting LLC, | No. CV-19-00388-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Herbert A. Kapreilian, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Pacesetter Consulting LLC's ("Pacesetter") "first motion for hearing or conference," which the Court has interpreted as a motion for Rule 60 relief. (Doc. 141, 142.) For the following reasons, the motion will be denied as moot.

## BACKGROUND

I.   <u>Factual And Procedural History</u>

The factual and procedural background of this case is set out in the Court's December 2, 2019 order. (Doc. 128.) In a nutshell, Pacesetter alleges that a multitude of defendants engaged in a scheme to induce it to invest $400,000 into California orchards that were doomed to (and did) fail.[1] (*Id.* at 2-3.)

One such defendant was Daniel Duda. In its first amended complaint ("FAC"), Pacesetter raised various allegations concerning Mr. Duda (Doc. 7 ¶¶ 76-77) and asserted

---

[1] The investment came from the Judson C. Ball Revocable Trust, which later assigned its interest and claims against the defendants in this case to Pacesetter. (Doc. 128 at 4.)

claims of conversion, consumer fraud under Arizona law, fraudulent concealment, tortious interference with a contract, and unjust enrichment against "all defendants," including Mr. Duda (*id.* at 19-22, 24-25, 27-28).

Mr. Duda moved to dismiss the FAC, arguing that the Court lacked personal jurisdiction over him. (Doc. 22.) Pacesetter responded that the Court had jurisdiction because a different defendant, "Duda & Sons, LLC," "provided marketing, supervision, pricing and packaging services" to the orchards "for an extended period of time" and these contacts could be attributed to Mr. Duda in his role as Vice President of "Duda & Sons, LLC." (Doc. 29.)[2]

On April 15, 2019, the Court orally granted Mr. Duda's motion to dismiss. (Doc. 57.) Specifically, the Court held that "the complaint does not contain any factual allegations specifically targeted at . . . what [Mr. Duda] did in Arizona. It just has a bunch of allegations about what an entity called 'Duda' did, which . . . isn't sufficient to hale an individual officer into court based on [a] personal jurisdiction theory." The Court elaborated: "[A]n entity doing something in Arizona is different than an individual. And just because a person shares the last name with an entity doesn't mean that that individual is also subject to personal jurisdiction in Arizona."[3]

On May 9, 2019, Pacesetter filed a motion for leave to file a second amended complaint ("SAC"). (Doc. 67.) This motion made clear that Pacesetter wasn't seeking to reinstate Mr. Duda as a defendant but sought to make changes related to other defendants and claims. (*Id.* at 3-4.) Over a different defendant's objection (Doc. 73), the Court granted

---

[2] As it turns out, "Duda & Sons, LLC" doesn't exist. (Doc. 21 at 2 [motion to dismiss, explaining that "[a] brief check with the Florida Secretary of State shows no entity by the name of Duda & Sons, LLC"]; Doc. 29 at 8-9 [Pacesetter's request, in response to the motion to dismiss, for permission to retroactively change the name of the defendant sued in the FAC from "Duda & Sons, LLC" to "A. Duda & Sons, Inc."].) Accordingly, during the hearing on April 15, 2019. the Court dismissed "Duda & Sons, LLC" as a party. (Doc. 57.)

[3] *See, e.g., AFL Telecomms. LLC v. Fiberoptic Hardware, LLC*, 2011 WL 4374262, *3 (D. Ariz. 2011) ("Personal jurisdiction over individual corporate officers may not be based on jurisdiction over the corporation itself . . . . Each defendant's contacts with the forum state must be assessed individually. The relevant inquiry is whether, given the corporate officer's own contacts with the forum state, he should reasonably anticipate being haled into court there.") (citations and internal quotation marks omitted).

Pacesetter's motion (Doc. 84).

On August 1, 2019, among a bevy of other motions, Pacesetter filed a motion for leave to file a third amended complaint ("TAC"). (Doc. 98.) Pacesetter represented, in bold font, that the proposed TAC "adds Daniel Duda and other named individuals that participated in the alleged torts and three causes of action in tort." (*Id.* at 3.) The remaining defendants filed briefs opposing this request, but, because Mr. Duda was not a party, he filed no response.

On December 2, 2019, the Court issued an order resolving several pending motions. (Doc. 128.) Pacesetter's motion for leave to amend was denied as to two of the proposed new claims because those claims wouldn't survive a motion to dismiss and were thus futile. (*Id.* at 10-14.) Because "[t]he motion [was] otherwise unopposed," the Court granted the remainder of Pacesetter's motion, including its request to add Mr. Duda as a defendant. (*Id* at 14.)

On December 23, 2019, Pacesetter filed the TAC. (Doc. 129.) The TAC lists Mr. Duda as a defendant in the caption and asserts that he "had authority as COO to fully direct all alleged activities of Duda Farm Fresh Foods, Inc. and Mark R. Bassetti," which are a corporate and individual defendant in this case, respectively. (*Id.* at 1 & ¶ 15.) A. Duda & Sons, Inc., and Duda Farm Fresh Foods, Inc.,[4] the corporate defendants that Mr. Duda is alleged to oversee, are alleged to have "furnished the general partner with industry pricing, costs[,] and projections which were inflated and grossly out of line with industry data which Duda possessed." (*Id.* ¶ 81.) The TAC further alleges that "[Mr.] Duda . . . acquiesced-in and ratified" the acceptance of lower payments for the fruit produced by the orchards "without disclosing the lower numbers to the . . . investors so they could take remedial action," which "resulted in unjustified and imprudent pricing information, a ratification of lower revenue the import of which was concealed . . . , and a failure to disclose the bogus pricing scheme," ultimately causing "a false impression that operations were proceeding honestly when they were not." (*Id.* ¶ 82.) Although Mr. Duda is not

---

[4] These entities are referred to as "Duda" in all versions of the complaint.

- 3 -

individually listed as a defendant in any of the claims in the TAC, counts one, two, five, seven, eight, and nine apply to "all defendants." (*Id.* at 27-44.)

II.     The Pending Motion

On March 20, 2020, Pacesetter filed what it styled as a "motion for partial summary judgment against former defendant Dan Duda." (Doc. 139.) The motion opened with the bold claim that "to escape the allegations of the First Amended Complaint . . . and obtain his dismissal, [Mr.] Duda violated" a litany of state and federal perjury statutes. (*Id.* at 1.) The motion asked the Court "to impose its control and jurisdiction over [Mr.] Duda and to impose strong sanctions against him for the perjury he committed to obtain his dismissal." (*Id.* at 1-2.) The motion then described the procedural history leading to Mr. Duda's original dismissal from this case and alleged that "[d]ocuments disclosed and discovered in this case . . . prove that dismissal of [Mr.] Duda was wrong because it resulted from his perjury." (*Id.* at 2-5.) In a nutshell, Pacesetter argued that another defendant's "big picture" conversations with Mr. Duda, who was the other defendant's supervisor, meant that Mr. Duda had to be aware of the ongoing fraud occurring at the orchards and that such knowledge meant the Court could exercise personal jurisdiction over Mr. Duda. (*Id.* at 5-8.) Pacesetter concluded by detailing the statutes Mr. Duda allegedly violated and sought to "reinstate Mr. Duda fully as a Defendant in this litigation and to impose on him the strong sanctions." (*Id.* at 9-15.)

On March 24, 2020, the Court issued a text-only docket entry addressing Pacesetter's motion. (Doc. 140.) Although the entry noted that "allegations of perjury always must be taken seriously," the Court was concerned that Pacesetter had moved for "partial summary judgment" on "claims . . . that do not appear in the complaint," and thus questioned the "propriety of the procedural vehicle Plaintiff has chosen." (*Id.*) To "avoid potentially unnecessary motions (and sanctions) practice," the Court ordered defendants to refrain from filing a response while the Court more fully grappled with Pacesetter's motion. (*Id.*)

On April 1, 2020, rather than wait for further direction from the Court, Pacesetter

1 filed a "motion for hearing or conference." (Doc. 141.) According to the motion, Pacesetter "believed that once this Court was apprised of the apparent perjury used to obtain dismissal, this Court had the power and right to hold a hearing and investigate the situation, and impose suitable civil remedies." (*Id.* at 3.) Thus, Pacesetter requested "a telephonic hearing to discuss if this Court believes that a hearing possibly leading to civil remedies is proper in a situation where a party who has made a so-called limited or special appearance arguably commits perjury to obtain dismissal from a civil lawsuit." (*Id.*) In the alternative, Pacesetter sought, under Rule 60(b), (c), and (d)(3), to reinstate Mr. Duda as a defendant. (*Id.* at 4-8.)

Later that day, the Court issued another order. (Doc. 142.) The Court informed the parties that it was "disinclined to go along with the first part of [Doc. 141], which appears to be a request for a telephonic conference so [Pacesetter] can solicit legal advice concerning how to raise certain claims." (*Id.*) However, the Court construed the latter portions of the motion as incorporating Pacesetter's earlier "summary judgment" motion and reframing those arguments as an argument for Rule 60 relief. (*Id.*) Accordingly, the Court denied the "summary judgment" motion as moot, deemed the "motion for hearing" a motion for Rule 60 relief, and gave Mr. Duda 14 days to file a response. (*Id.*)

On April 15, 2020, Mr. Duda filed a response. (Doc. 143.)

On April 22, 2020, Pacesetter filed its reply. (Doc. 144.)

**DISCUSSION**

I. The Parties' Arguments

As noted, the Court has construed Pacesetter's "motion for hearing" as a request under Rule 60 to reinstate Mr. Duda as a defendant. (Doc. 142.) In his response, Mr. Duda forcefully represents that he did not commit perjury or fraud on the Court. (Doc. 143 at 2-3.) He also identifies three reasons why Pacesetter's motion should be denied. First, he raises the procedural point that, although Pacesetter appears to be seeking his reinstatement as a defendant in the FAC, such a step would be "meaningless and a nullity" because Pacesetter chose to supersede the FAC by filing the SAC and then the TAC, which now

serves as the operative complaint. (*Id.* at 4-5.) In cursory fashion, Mr. Duda also suggests that Pacesetter's motion is barred by laches because it is vexatious and was filed only to harass him. (*Id.*) Second, Mr. Duda asserts that he has never been served with the TAC, despite it being filed four months earlier. (*Id.*) The failure to serve, he argues, "has prejudiced the existing Defendants," and "[e]ven if the new Defendants are served, they are prejudiced by the passing of time and the lack of time to comply with the scheduling order." (*Id.*) Third, Mr. Duda argues, as he did in his original motion to dismiss, that he lacks sufficient contacts with Arizona to warrant the exercise of personal jurisdiction. (*Id.* at 5-8.)

In its reply, Pacesetter argues that it properly served Mr. Duda with the TAC because it served Mr. Duda's attorneys of record. (*Id.* at 1-5.) Then, claiming that "[m]ost of [Mr. Duda's] Response is spent not addressing the main issue," Pacesetter eschews responding to Mr. Duda's Rule 60 arguments and instead attempts to relitigate its perjury accusations. (*Id.* at 6-9.) The reply concludes by stating "[t]he original dismissal should be set aside" and asking "the Court to also impose reasonable and proportional Rule 60 relief and other suitable reasonable civil remedies for the misrepresentation, misconduct, perjury, general fraud, and fraud on this Court committed by [Mr.] Duda in the course of obtaining his original dismissal." (*Id.* at 9-10.)

II.   Discussion

"Rule 60(b) creates a limited authority for trial courts to vacate or set aside their prior final judgments. When properly invoked, it allows for further or different legal proceedings that otherwise would be barred." S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 60 at 250 (2020). Rule 60(d), on the other hand, doesn't independently create grounds for relief, but recognizes that Rule 60 doesn't prohibit independent actions "to prevent a grave miscarriage of justice." *Id.* at 276.

Here, the distinction is immaterial because relief isn't warranted under either rule. Although Pacesetter seeks Mr. Duda's reinstatement as a defendant in this case, the Court already approved (in its December 2, 2019 order) the addition of Mr. Duda as a defendant

in the TAC. (Doc. 128 at 14.) Moreover, Pacesetter can't argue that this addition is somehow not "fully" reinstating Mr. Duda. His inclusion in the TAC is nearly identical to his inclusion in the FAC. As alleged in the FAC, Mr. Duda was:

> [A]ware of: (i) the 2007 freeze that decimated production, (ii) the insurance proceeds that paid out but did not go to the partnership, (iii) the disastrous 432 tree density that decimated production, (iv) Craig Kapreillian's lack of scientifically vetted data on the cultivars, (v) the inflated pricing in the offering which induced the investment in 2006, (vi) the diversion of income to generate packing business for Eastside Packing, Inc, and (vii) the diversion of thousands of cultivar trees, but concealed said acts and omissions.

(Doc. 7 ¶ 76.) The FAC further alleged that Mr. Duda "acquiesced-in or ratified Norton's conversion of 77,958 mandarin trees in 2010 which was concealed from plaintiff." (*Id.* ¶ 77.) These allegations are reproduced verbatim, and at the same paragraph number, in the TAC. (Doc. 129 ¶¶ 76-77.)

Similarly, the FAC alleged Mr. Duda "accepted less than the expected 7% of the projected sale price of the mandarins due to low product utilization," and he

> [A]cquiesced-in or ratified the lower payments without disclosing the lower numbers to the . . . investors so they could take remedial action years ago. This resulted in unjustified and imprudent pricing information, a ratification of lower revenue the import of which was concealed from the . . . investment, and a failure to disclose the bogus pricing scheme to the . . . investment, which created a false impression that operations were proceeding honestly when in fact they were not.

(Doc. 7 ¶ 82.) This allegation is reproduced, again verbatim and again at the same paragraph number, in the TAC. (Doc. 129 ¶ 82.)

None of the "counts" of the FAC were alleged specifically against Mr. Duda, although counts two, three, six, eight, and nine were alleged against "all defendants." (Doc. 7 at 18-28.) Likewise, none of the counts in the TAC are specifically alleged against Mr. Duda, although several are alleged against "all defendants," and, unique to the TAC, include a footnote alleging "Duda related individuals herein eventually knew about the unlawful conduct" alleged throughout the complaint and "acquiesced or ratified it." (Doc. 129 at 27-44 & n.14.)

The Court belabors this point because it makes it abundantly clear that Mr. Duda is

now in the same position in this case as he was before he was dismissed from the FAC. Thus, there is no need for the Court to grant Rule 60 relief to reinstate Mr. Duda. Accordingly, Pacesetter's motion for Rule 60 relief will be denied as moot.[5]

Finally, the Court acknowledges that, in his response to Pacesetter's motion, Mr. Duda raises the separate issues of whether he has been properly served with the TAC and whether he is subject to personal jurisdiction. (Doc. 143 at 5.) It would be inappropriate to resolve those issues at this time because they constitute affirmative requests for dismissal by Mr. Duda and thus should be raised by separate motion. And as it turns out, Mr. Duda, A. Duda & Sons, Inc., and Duda Farm Fresh Foods, Inc. have now filed a motion to dismiss in which they, *inter alia*, challenge the sufficiency of Pacesetter's effort to serve the TAC. (Doc. 150.) In that motion, the Duda defendants also request a protective order because Pacesetter has sent interrogatories and requests for production to their counsel, which they don't believe they should be required to address. (*Id.* at 4-5.) Accordingly, the Court will defer resolution of the service issue until the Duda defendants' motion is fully briefed. Pending resolution of that motion, the Duda defendants need not respond to the outstanding discovery requests.

III.    Parting Thought

Months ago, the Court encouraged "the parties to carefully consider whether any new motions are truly necessary" in light of the "chaotic" nature of the motion practice in this case. (Doc. 124 at 17.) Unfortunately, it seems that plea wasn't taken to heart. Pacesetter's request to reinstate Mr. Duda as a defendant was unnecessary and needlessly wasted the parties' and the Court's time. Moreover, the inflammatory allegations that Pacesetter levied were unaccompanied by a clear request for relief. The Court reiterates

---

[5]     In addition to seeking Mr. Duda's reinstatement in this case, Pacesetter also seeks "proportional Rule 60 relief and other suitable reasonable civil remedies." (Doc. 144.) Rule 60 relief is unnecessary to reinstate Mr. Duda and the text of Rule 60 doesn't mention, let alone authorize, other forms of relief beyond setting aside a previous judgment. If Pacesetter believes it is entitled to some other sanction or award, it should have filed a motion that cited law establishing and explaining its entitlement to such relief with specificity, rather than providing a jumble of statutes and grievances that cumulated in a request "for a telephonic hearing to discuss if the Court believes that a hearing possibly leading to civil remedies is proper." (Doc. 144 at 3.)

its desire that only truly necessary motions be filed from here on out and adds that those motions should clearly delineate a request for relief, rather than cast aspersions and leave it to the Court to concoct a remedy.

Accordingly, **IT IS ORDERED** that Pacesetter's motion for Rule 60 relief (Doc. 141) is **denied as moot**.

Dated this 2nd day of July, 2020.

Dominic W. Lanza
United States District Judge