**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacesetter Consulting LLC, | No. CV-19-00388-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Herbert A. Kapreilian, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Pacesetter Consulting LLC's ("Pacesetter") motion to exceed the deposition limit. (Doc. 165.) For the following reasons, the motion will be denied.

**RELEVANT BACKGROUND**

The factual and procedural history of this case, which was initiated in January 2019 (Doc. 1), is set out more fully in the Court's prior orders. (Docs. 128, 152, 160.)

As relevant here, the parties filed their initial Rule 26(f) report in April 2019. (Doc. 52.) In it, Pacesetter stated that "no deviation from the discovery rules is expected" and Defendants likewise stated that they "do not propose changes to the discovery limitations under the Federal Rules of Civil Procedure." (*Id.* at 11.) Accordingly, in the Rule 16 scheduling order issued later that month, the Court did not authorize any expansion of the 10-deposition limit that is established, by default, under Rule 30(a)(2) of the Federal Rules of Civil Procedure. (Doc. 58 at 2.)

In November 2019, the parties filed a new Rule 26(f) report. (Doc. 122.) In it, the

parties sought an extension of the deadline for completing fact discovery but did not request any changes to the discovery limitations set forth in the original Rule 16 scheduling order. (*Id.*)  Accordingly, in the revised Rule 16 scheduling order issued in December 2019, the Court again adhered to the default limit of 10 depositions.  (Doc. 127 at 2.)

On March 20, 2020 and April 1, 2020, Pacesetter filed a pair of motions that sought various forms of relief, the details of which are not relevant to this Order.  (Docs. 139, 141.)  Both motions were denied.  (Docs. 140, 152.)  In the order denying the second motion, the Court specifically noted that Pacesetter had not heeded an earlier exhortation "to carefully consider whether any new motions are truly necessary in light of the chaotic nature of the motion practice in this case," concluded that Pacesetter's motion was "unnecessary and needlessly wasted the parties' and the Court's time," and "reiterate[d] its desire that only truly necessary motions be filed from here on out . . . ."  (Doc. 152 at 8-9.)

On July 30, 2020, the Court issued an order granting a motion that had been filed by several defendants, including Daniel Duda, to dismiss for lack of service.  (Doc. 160.)  Among other things, the Court concluded that dismissal was the appropriate remedy because (1) "Pacesetter continues to take a shotgun approach to this litigation while disregarding key procedural steps," which "has caused its adversaries to expend considerable time and resources in fights over sideshow issues not connected to the merits of the case," and (2) "the fact this action has now been pending for more than 18 months underscores why it would be improper to afford yet another opportunity to Pacesetter to complete service."  (*Id.* at 12.)

On August 27, 2020, Pacesetter moved to exceed the deposition limit.  (Doc. 165.)

**DISCUSSION**

A.   <u>Parties' Arguments</u>

Pacesetter seeks permission to conduct 13 depositions.  (Doc. 165.)  Its motion explains that it has already conducted four depositions (of defendants Tom Avinelis, Mark Bassetti, Herbert Kapreilian, and Craig Kapreilian); that it has noticed six additional depositions to occur in the coming weeks (of non-parties and/or party-spouses Gunnar

Avinelis, Karen Avinelis, Jennifer Kapreilian, Lorrel Kapreilian, Susan Duda-Hanas, and Andrew Duda); and that, although completing those depositions would bring it to the 10-deposition limit, it wishes to depose three more people: (1) non-party Robert Grey, (2) former party Daniel Duda, who was dismissed in the July 30, 2020 order; and (3) the remaining individual defendant, Michael Mooradian. (*Id.* at 1-2.) Notably, of the nine individuals who have yet to be deposed, Pacesetter only attempts to explain why five of them—Susan Duda-Hanas, Andrew Duda, Dan Duda, Robert Grey, Michael Mooradian—are expected to possess relevant information. (*Id.* at 2-5.) And as for Susan Duda-Hanas and Andrew Duda, Pacesetter does not explain why they, specifically, are expected to possess relevant information—it simply lumps them together with Daniel Duda and asserts that "*[t]he Dudas* have vital information about the remaining defendants in this matter, because *the Dudas* had the marketing and sales agreement for the Phoenix Orchard Group I and II [and] . . . *[t]he Dudas* collected the money from the sales of fruit from the POG I and POG II properties and then paid the Defendants." (*Id.* at 2, emphases added.)

Defendants oppose Pacesetter's request. (Doc. 165-1 at 4.) Among other things, they contend that one of the upcoming depositions involves an individual (Karen Avinelis) who had a "complete lack of involvement with the subject farming operation" and that "the only connection . . . between the remaining six . . . depositions Plaintiff intends to take and the allegations in the Complaint and MIDP are shared last names with other Defendants." (*Id.*)

B.  Analysis

Rule 30(a)(2) of the Federal Rules of Civil Procedure provides that a party seeking to take more than 10 depositions "must obtain leave of the court," and "the court must grant leave consistent with Rule 26(b)(1) and (2)." Rule 26(b)(1), in turn, provides in relevant part that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Finally, Rule 26(b)(2) directs courts to "limit the frequency or extent of discovery" if, *inter alia*, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some

other source that is more convenient, less burdensome, or less expensive." The upshot of these rules is that "[p]arties seeking to exceed the ten deposition limit must make a particularized showing of why the discovery is necessary." *Lloyd v. Valley Forge Life Ins. Co.*, 2007 WL 906150, *2 (W.D. Wash. 2007) (quotation omitted). *See also Prostrollo v. City of Scottsdale*, 2013 WL 12174690, *2 (D. Ariz. 2013) ("The moving party has the burden to demonstrate good cause for exceeding the presumptive ten deposition limit.").

Here, Pacesetter has not met its burden of demonstrating good cause and has not made the required particularized showing. Although Pacesetter has made some effort to explain why it wishes to depose the three individuals whose depositions have not yet been scheduled (Robert Grey, Daniel Duda, and Michael Mooradian), and although the Court accepts that it was necessary to conduct the four party-opponent depositions that have already occurred (Tom Avinelis, Mark Bassetti, Herbert Kapreilian, and Craig Kapreilian), Pacesetter has not established that the six other noticed-but-not-yet-completed depositions are necessary to the speedy, just, and inexpensive determination of this action. Indeed, the only information provided by either side about one of those deponents (Karen Avinelis) is that she had "a complete lack of involvement" with the case. Thus, even if the present dispute were viewed in a vacuum, without reference to Pacesetter's other litigation conduct, Pacesetter's motion would be denied.

That broader backdrop underscores why relief is unwarranted here. Pacesetter did not request, in either of the parties' Rule 26(f) reports, to increase the 10-deposition limit, the Court thus did not authorize an increase in either of the Rule 16 scheduling orders, and Defendants presumably planned and executed their litigation strategy in reliance on those orders. Pacesetter has also repeatedly "take[n] a shotgun approach to this litigation while disregarding key procedural steps," which "has caused its adversaries to expend considerable time and resources in fights over sideshow issues not connected to the merits of the case." (Doc. 160 at 12.) Under these circumstances, Pacesetter should not be allowed to alter the scheduling order on the eve of the discovery cutoff so it can conduct additional depositions beyond the presumptive limit established by the Federal Rules of

Civil Procedure.

Accordingly, **IT IS ORDERED** that Pacesetter's motion to exceed the deposition limit (Doc. 165) is **denied**.

Dated this 31st day of August, 2020.

_____
Dominic W. Lanza
United States District Judge