**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Pacesetter Consulting LLC,

               Plaintiff,

v.

Herbert A Kapreilian, et al.,

               Defendants.

No. CV-19-00388-PHX-DWL

**ORDER**

This case has involved extensive litigation over whether Edward Daniel Duda, Jr. ("Duda") is a proper defendant. (*See generally* Doc. 160.) Now pending before the Court are the latest two motions related to this topic: (1) Plaintiff Pacesetter Consulting LLC's ("Pacesetter") "motion for remedies" concerning Duda (Doc. 204); and (2) Pacesetter's motion for an extension of time to respond to the other defendants' summary judgment motions (Doc. 221). For the following reasons, the former is denied and the latter is granted in part and denied in part.

## RELEVANT BACKGROUND

On February 28, 2019, Duda filed a motion to be dismissed from the first amended complaint ("FAC") due to a lack of personal jurisdiction. (Doc. 22.) This motion was accompanied by a declaration in which Duda avowed that he "did not have any communications with the other defendants in this action concerning the subjects of this action." (Doc. 22-1 ¶ 7.) Although this declaration was originally submitted without Duda's signature, Duda later submitted a signed version. (Doc. 28-1.)

On April 15, 2019, the Court granted Duda's dismissal motion. (Doc. 57.)

On December 23, 2019, Pacesetter filed a third amended complaint ("TAC") in which Duda was again named as a defendant. (Doc. 129.)

On March 20, 2020, Pacesetter filed a "motion for partial summary judgment" against Duda. (Doc. 139.) This motion alleged that Duda had violated several state and federal perjury statutes when he claimed, in the declaration filed in support of his motion to dismiss the FAC, to have no knowledge of the events underlying this case. (*Id.* at 1-6.) As a sanction for these alleged violations, Pacesetter asked that "the Court reinstate Duda fully as a Defendant in this litigation and to impose on him" several sanctions, including default judgment and attorneys' fees. (*Id.* at 15-16.)

On March 24, 2020, the Court issued a text-only docket entry addressing Pacesetter's motion. (Doc. 140.) Although the entry noted that "allegations of perjury always must be taken seriously," the Court was concerned that Plaintiff had moved for "partial summary judgment" on "claims . . . that do not appear in the complaint" and thus questioned the "propriety of the procedural vehicle Plaintiff has chosen." (*Id.*) To "avoid potentially unnecessary motions (and sanctions) practice," the Court ordered defendants to refrain from filing a response while the Court more fully grappled with the motion. (*Id.*)

On April 1, 2020, rather than wait for further direction from the Court, Pacesetter filed a "motion for telephonic hearing and for Rule 60 relief." (Doc. 141.) In it, Pacesetter sought "a telephonic hearing to discuss if this Court believes that a hearing possibly leading to civil remedies is proper in a situation where a party who has made a so-called limited or special appearance arguably commits perjury to obtain dismissal from a civil lawsuit." (*Id.* at 3.) In the alternative, Pacesetter sought Rule 60 relief to reinstate Duda as a defendant. (*Id.* at 4-8.)

Later that day, the Court issued another order. (Doc. 142.) The Court noted that Pacesetter's motion for Rule 60 relief "appear[ed] to be an attempt to incorporate by reference the arguments contained in Plaintiff's earlier "summary judgment" motion (Doc. 139) and reframe them as a request for relief under Rule 60," and the Court "construe[d] it

as such." (*Id.*)  Accordingly, the Court denied the earlier motion as moot and gave Duda 14 days to file a response to the latter motion.  (*Id.*)

On June 24, 2020, while Pacesetter's Rule 60 motion was pending, Duda filed a motion to dismiss the TAC for insufficient service of process.  (Doc. 150.)

On July 2, 2020, after full briefing, the Court denied Pacesetter's Rule 60 motion as moot.  (Doc. 152.)  Because the allegations against Duda in the FAC were nearly identical to those in the TAC, it was "abundantly clear that Mr. Duda [was] now in the same position in this case as he was before he was dismissed from the FAC."  (*Id.* at 7-8.)  Thus, there was "no need for the Court to grant Rule 60 relief to reinstate Mr. Duda"—after the TAC was filed, Duda was, once again, part of this case.  (*Id.* at 8.)

On July 30, 2020, the Court granted Duda's motion to dismiss for insufficient service of process.  (Doc. 160.)  The Court concluded:

> [D]ismissal is the appropriate remedy here.  Pacesetter continues to take a shotgun approach to this litigation while disregarding key procedural steps. This has caused its adversaries to expend considerable time and resources in fights over sideshow issues not connected to the merits of the case. Additionally, the Court has serious concerns about whether Mr. Duda is even subject to personal jurisdiction, given that the TAC appears to repeat, in near verbatim fashion, the allegations against Mr. Duda that appeared in the FAC (which the Court previously deemed insufficient).  Finally, the fact this action has now been pending for more than 18 months underscores why it would be improper to afford yet another opportunity to Pacesetter to complete service.  Only one month remains until the discovery deadline (which has already been extended) will expire.  It would be tremendously disruptive at this juncture to allow Pacesetter to essentially start from scratch with Defendants.

(*Id.* at 12-13.)

On August 10, 2020, Pacesetter filed a notice stating that it had served deposition subpoenas on a number of non-parties, including Duda.  (Doc. 161.)

On August 27, 2020, Pacesetter filed a motion for leave to conduct more than 10 depositions.  (Doc. 165.)  Among other things, Pacesetter argued that an expansion was necessary because Duda and two other members of the Duda family "have vital information about the remaining defendants in this matter."  (*Id.* at 2.)

On August 31, 2020, the Court issued an order denying Pacesetter's motion for leave to conduct more than 10 depositions.  (Doc. 170.)

1    On or about September 2, 2020, Duda filed a motion in the United States District

2    Court for the Middle District of Florida (which is where he resides) to quash the deposition

3    subpoena that Pacesetter had served on him.  (Doc. 217-1 at 37-45.)  A few days later,

4    Duda filed a supporting declaration.  (Doc. 217-1 at 23-25.)  In this declaration, Duda

5    avowed that he "had no involvement in the sale of the limited partnership interests to the

6    assignor of [Pacesetter], which is the subject of the Plaintiff's claims in the lawsuit . . .

7    pending in the United States District Court for the District of Arizona."  (*Id.* ¶ 4.)

8    On September 29, 2020, a magistrate judge in the Middle District of Florida denied

9    Duda's motion to quash.  (Doc. 178 at 5, 12-13.)

10    On October 7, 2020, Pacesetter filed a motion to extend the deadline for fact

11    discovery, which was October 15, 2020, so that it could complete Duda's deposition.  (Doc.

12    178.)

13    On October 8, 2020, the Court granted Pacesetter's motion.  (Doc. 179.)

14    On November 20, 2020, Duda's deposition took place.  (Doc. 217-1 at 50-75.)

15    On December 7, 2020, various defendants filed motions for summary judgment.

16    (Docs. 201, 202, 203.)  Under LRCiv 56.1(d), Pacesetter has 30 days—or until January 6,

17    2020—to respond to those motions.

18    On December 7, 2020, Pacesetter filed its "motion for remedies" concerning Duda.

19    (Doc. 204.)  The motion became fully briefed on December 28, 2020.  (Docs. 217, 220.)

20    On December 30, 2020, Pacesetter filed a motion for an extension of time to respond

21    to the summary judgment motions.  (Doc. 221.)

22    On January 5, 2021, Defendant Mark Bassetti filed an opposition to Pacesetter's

23    extension request.  (Doc. 222.)  On January 6, 2021, Defendants Agricare Incorporated and

24    Tom Avenelis filed an opposition.  (Doc. 223.)

25    …

26    …

27    …

28    …

- 4 -

**DISCUSSION**

I.   Motion For Remedies

   A.   **The Parties' Arguments**

In its "motion for remedies," Pacesetter argues that Duda engaged in misconduct during his deposition by refusing to answer certain questions about whether (and under what circumstances) he signed the declaration he filed in this action in March 2019 and the separate declaration he filed in the Florida litigation in September 2020.  (Doc. 204 at 6-13.)  Pacesetter identifies various reasons why, in its view, these questions were relevant and argues that, even if Duda viewed the questions as irrelevant, a relevance objection is not a valid basis for refusing to answer questions during a deposition.  (*Id.*)  Pacesetter further contends that "a suitable remedy for [Duda's] intentional wrongdoing as a deponent" would be for the Court to reinstate Duda as a defendant in the TAC.  (*Id.* at 13.)

Duda opposes Pacesetter's motion.  (Doc. 217.)  Duda argues that he testified at length during his deposition, that "numerous questions were asked about the subjects contained in the Declarations," and that "[n]o advice or instruction not to answer was given to those questions about facts."  (*Id.* at 7.)  As for the disputed questions about whether and how he signed his declarations, Duda argues that he properly refused to answer those questions because they "would only waste time and cost Mr. Bassetti and Mr. Duda more in attorneys' fees for having counsel sit through completely irrelevant questioning."  (*Id.* at 8.)  In Duda's view, the real purpose of those questions was "not for substantive issues in the case" but to serve as a backdoor tactic for challenging the Court's earlier orders concerning personal jurisdiction and alleged perjury.  (*Id.* at 8-9.)  Finally, Duda notes that Pacesetter has filed a similar motion for sanctions in the Middle District of Florida, premised on the same conduct, and asks this Court to "enjoin" Pacesetter and its counsel from pursuing that motion.  (*Id.* at 13-14.)

In reply, Pacesetter argues that its proposed questions concerning the declarations are relevant and appropriate because it wishes "to test [Duda's] knowledge and veracity using the declaration as the reference point and starting point."  (Doc. 220 at 1.)  Pacesetter

also reiterates its earlier argument that a deponent can't refuse to answer questions based on relevance objections.  (*Id.* at 3-4.)  Next, Pacesetter argues that its request for reinstatement is a "proper and simple" and "proportionate" remedy for Duda's contemptuous conduct.  (*Id.* at 5-6.)  Finally, Pacesetter asks the Court to clarify that, if it prevails on its parallel motion in Florida to reopen the Duda deposition, the continued deposition will be deemed timely under this Court's discovery schedule.  (*Id.* at 5-6.)

B.     **Discussion**

Pacesetter's "motion for remedies" is denied.  Even assuming that Duda acted improperly by refusing, on relevance grounds, to answer questions concerning whether and under what circumstances he signed the declarations, the proper remedy would not be to reinstate Duda as a party defendant.  Instead, the proper remedy would be to reopen Duda's deposition (at Duda's expense) so he may answer the disputed questions.  But Pacesetter has not asked for that targeted remedy.  Its request for reinstatement represents obvious, and unwarranted, overreach.

The Court takes no position on whether the Middle District of Florida is the proper forum for deciding whether to reopen Duda's deposition (which is where Pacesetter chose to pursue such relief).  Nevertheless, if the Middle District of Florida determines that the question is properly before it and then resolves the question in Pacesetter's favor, this Court will deem the final portion of Duda's deposition to be timely under the scheduling order in this case.  Duda's request to "enjoin" Pacesetter from pursuing relief in Florida is denied because there is no risk of contradiction between this ruling and whatever ruling may issue in Florida.

II.     <u>Motion For Extension</u>

As noted, three sets of defendants filed summary judgment motions on December 7, 2020.  Pacesetter's deadline for responding those motions is today, January 6, 2021.

A few days before the deadline, Pacesetter filed an extension request.  (Doc. 221.) It argues its response deadline should be extended to "one week . . . after Mr. Duda's deposition is retaken" because "[s]hould the Court determine that Plaintiff may retake the

deposition of Daniel Duda's deposition, he may provide crucial testimony as to Plaintiff's claims and relevant to Plaintiff responding to Defendants' Motions for Summary Judgment." (*Id.* at 2-3.)

Although some defendants do not oppose Plaintiff's extension request (Doc. 221-2), others do.  (Docs. 221-3, 221-4, 222, 223.)  Those defendants argue, among other things, that the discovery deadline has already expired; that Pacesetter's motion in Florida is directed to the wrong court; and that the proper way to seek an extension of time to conduct more discovery before responding to a summary judgment motion is to file a motion under Rule 56(d), but that rule requires a detailed declaration from counsel that is missing here. (*Id.*)

Pacesetter's extension request is granted in part and denied in part.  Pacesetter has not explained, with any specificity, why it needs additional testimony from Duda before it can respond to the pending summary judgment motions.  This case is already nearly two years old and has been marred by repeated delays caused by Pacesetter's litigation tactics.  Under these circumstances, the Court is unwilling to authorize an open-ended extension of the summary judgment briefing schedule—which could, conceivably, result in months and months of additional delay—simply because another court might issue an order that might lead to a reopened deposition that might theoretically result in helpful testimony.

Instead, Pacesetter is granted an extension of two weeks to respond to the pending summary judgment motions.  Its responses must be filed by January 20, 2021.  And the moving defendants will have 15 days from that date, until February 4, 2021, to file their optional replies.  Finally, if the Duda deposition ends up (for whatever reason) being reopened, Pacesetter may file a motion after the deposition is completed seeking leave to supplement its summary judgment responses with any relevant testimony that was obtained during the reopened deposition.

…

…

…

- 7 -

Accordingly,

**IT IS ORDERED** that:

(1)      Pacesetter's "motion for remedies" (Doc. 204) is **denied**.

(2)      Pacesetter's extension request (Doc. 221) is **granted in part and denied in part**.  Pacesetter must respond to the pending summary judgment motions (Docs. 201, 202, 203) by January 20, 2021, and the moving defendants must file their optional replies by February 4, 2021.

Dated this 6th day of January, 2021.

Dominic W. Lanza
United States District Judge