**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacesetter Consulting LLC, | No. CV-19-00388-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Herbert A. Kapreilian, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Pacesetting Consulting, LLC's ("Pacesetter") "motion for remedies" against Defendant Eastside Packing, Inc. ("Eastside Packing"). (Doc. 191.) For the following reasons, this frivolous motion is denied.[1]

**BACKGROUND**

On August 10, 2020, Pacesetter issued a deposition subpoena to Jennifer Kaprielian-Santos ("Kaprelian-Santos"). (Doc. 161.) Notably, although Kaprelian-Santos is one of Eastside Packing's owners and sits on Eastside Packing's board of directors, Pacesetter did not subpoena her to testify as a Rule 30(b)(6) witness on behalf of Eastside Packing. (*Id.*) Instead, Pacesetter subpoenaed her to testify under Rule 45 as a non-party witness. (*Id.*)

On September 10, 2020, Kaprelian-Santos's deposition took place. (Doc. 191 at 12-55.)

On November 11, 2020—more than two months later—Pacesetter filed its "motion for remedies." (Doc. 191.) According to Pacesetter, Kaprielian-Santos engaged in

---

[1] Pacesetter requested oral argument, but this request is denied because the matter is fully briefed and oral argument will not aid the Court's decision. *See* LRCiv 7.2(f).

misconduct during her deposition by answering "'I don't know' or variations on the theme" to "scores of questions" concerning Eastside Packing's operations. (*Id.* at 1-2.) Pacesetter argues that, because Kaprielian-Santos holds high-ranking positions within Eastside Packing, she "must have known" the answers to those questions. (*Id.*) As a remedy, Pacesetter asks the Court "to enter a liability judgment against Eastside Packing and to award Pacesetter its reasonable attorney's fees and costs in advocating this motion and litigation this action against Eastside Packing." (*Id.* at 9.)

Eastside Packing opposes Pacesetter's motion. (Doc. 200.) First, as a factual matter, Eastside Packing argues that Kaprielian-Santos "did share her personal knowledge on virtually every question for which she had facts or recollection to actually share with Plaintiff's counsel" and, to the extent she wasn't able to answer certain questions, this is because her role since 2009 has been limited to attending yearly board meetings and writing checks to vendors, with "no meaningful involvement with Eastside's day to day operations." (*Id.* at 3-4.) Second, as a legal matter, Eastside Packing argues that Pacesetter's request for what would essentially be terminating sanctions is unfounded because "[i]f Plaintiff truly believed that the Deponent's deposition here was not satisfactory to complete Plaintiff's discovery efforts—nothing prevented Plaintiff from pursuing another deposition via a Rule 30(b)(6) person most knowledgeable corporate designee instead of Deponent here. . . . [N]ow months after this deposition has been complete, to have Plaintiff suddenly appear before this Court seeking 'remedies' or 'sanctions' of an unidentified size or scope—is simply emblematic of Plaintiff's scattershot, fishing expedition discovery approach throughout this case." (*Id.* at 6.)

Pacesetter did not file a reply in support of its motion.

**DISCUSSION**

Pacesetter's motion is the latest in a string of frivolous, harassing tactics in this case. Not only has Pacesetter failed to establish that Kaprelian-Santos engaged in misconduct during her deposition, but the proper remedy for such misconduct would not be to enter terminating sanctions against Eastside Packing. Instead, the proper remedy would be to

reopen the deposition at Kaprelian-Santos's expense. But Pacesetter has not asked for that targeted remedy. Its request for the entry of a liability judgment against Eastside Packing, via a motion filed more than two months after the deposition in question, represents obvious and unwarranted overreach. (*See also* Doc. 224 at 6.)

Accordingly,

**IT IS ORDERED** that Pacesetter's "motion for remedies" (Doc. 191) is **denied**.

Dated this 18th day of February, 2021.

Dominic W. Lanza
United States District Judge